UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK A. BAILEY,

v.                                    Case No. 8:08-cr-529-T-17MAP
                                              8:10-cv-1999-T-17MAP

UNITED STATES OF AMERICA.

_____

ORDER

This cause is before the Court on Defendant Mark Bailey's timely-filed amended motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 (hereinafter "motion" or "motion to vacate"). (D-cv-6; D-212). The Government filed a response to the motion to vacate. (D-cv-7). Although invited to do so, Bailey did not file a reply to the response.

A review of the record demonstrates that, for the following reasons, the motion to vacate must be **denied**.

**PROCEDURAL BACKGROUND**

Pursuant to a written plea agreement, Bailey pled guilty to conspiring to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). D-26; D-70 at 1; D-93; D-141at 1. This Court sentenced Bailey to serve 235 months in prison. D-141 at 2.

Bailey directly appealed his conviction, focusing his brief on challenging his role determination at sentencing. On March 15, 2010, the Eleventh Circuit dismissed Bailey's appeal based on his appeal waiver. See D-200. Bailey did not seek further review.

On September 10, 2010, Bailey filed a pro se section 2255 motion, together with a

supporting memorandum of law, D-cv-1, which he later amended, D-cv-4, D-cv-6.

## FACTUAL BACKGROUND

Beginning from an unknown date and continuing through November 2008, Mark Bailey and his brother Richard Bailey operated a cocaine distribution conspiracy in central Florida. PSR ¶9. Information from a confidential source led law enforcement to connect Bailey and another co-conspirator, Antonio Simmons, with the sale of cocaine, cocaine base, and marijuana from a residence in St. Petersburg, Florida. Id. at 10. Another confidential source corroborated that he had sold and transported six kilograms or more of cocaine weekly for Bailey and at least 25 kilograms of cocaine for Simmons during 2005 through 2007. Id. at 11. An undercover officer bought two ounces of cocaine from Simmons in July 2008. Id. at 14. In September 2008 law enforcement recovered evidence associated with drug sales from a trash drop by Kevin Patterson, later determined to be a courier, and Richard Bailey from a residence in Broward County, Florida. Id. at 12, 14, 16, 18. Patterson, pursuant to a traffic stop in November 2008, was found transporting cocaine and admitted to delivering at least 100 kilograms of cocaine to Pinellas County. Id. at 20. At the time of the stop, Patterson was driving Mark Bailey's vehicle and made admissions he worked for Richard Bailey, and been responsible for delivering over 200 kilograms of cocaine. Id. at 21. Richard confirmed these statements. Id. at 25. Simmons, post-arrest, admitted to receiving over 75 kilograms of cocaine from Patterson, Richard and Mark Bailey. Id. at 23. Pursuant to a warrant, evidence linking the Miramar residence with cocaine processing and drug proceeds were recovered, including a firearm and documents linking Richard and Mark Bailey with the residence. Id. at 24. Mark Bailey leased the Miramar residence as well as two vehicles used to transport the cocaine. Id. at 28. Mark

Bailey met the supplier and exchanged money to purchase cocaine. Id. Mark and Richard Bailey were co-leaders in the drug organization. Id. at 27-28.

## COGNIZABILITY

Bailey claims that his counsel provided ineffective assistance in Grounds One through Four. Ineffective assistance claims are cognizable under 28 U.S.C. § 2255. See Lynn v. United States, 365 F.3d 1225, 1234 n.17 (11th Cir. 2004) (ineffective assistance claims should be decided in section 2255 proceedings).

Bailey's claim in Ground Five is barred under Stone v. Powell, 428 U.S. 465 (1976).[1] Fourth Amendment claims are not cognizable on collateral review so long as the defendant had a "full and fair" opportunity to litigate the claim at trial or on direct appeal. See Stone, 428 U.S. at 494 ("where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial"). In reaching this decision, the Supreme Court concluded that the societal costs inherent in both excluding "concededly" probative evidence from the truth seeking process and allowing re-litigation under § 2254 of a claim that had already been denied in state courts outweighed the added deterrent value arising from the concern of law enforcement officials that their conduct might eventually be criticized in collateral federal proceedings. Id. at 482-494. Thus, the ruling in Stone reaffirmed that the exclusionary rule

---

[1] The Supreme Court has made clear that "Stone's restriction on federal habeas review of Fourth Amendment claims" does not extend to "Sixth Amendment ineffective assistance- of-counsel claims which are founded primarily on incompetent representation with respect to Fourth Amendment issue." Kimmelman v. Morrison, 477 U.S. 365, 375-83 (1986).

exists to deter Fourth Amendment violations by law enforcement personnel rather than to remedy a wrong against a defendant and, as such, is a "judicially created remedy" rather than a "personal constitutional right." *Id.* at 486.

While *Stone* involved a state prisoner's habeas petition under 28 U.S.C. § 2254, several courts of appeals, have applied its reasoning to Section 2255 cases. *See, United States v. Ishmael*, 343 F.3d 741, 742 (5th Cir. 2003); *United States v. Cook*, 997 F.2d 1312, 1317 (10th Cir. 1993)) ("[I]t is clear that the [Supreme] Court intends for Fourth Amendment claims to be limited in § 2255 proceedings as they are limited in § 2254 proceedings–i.e., to be addressed only if a defendant has not had a full and fair opportunity to raise the claims at trial and on direct appeal); *United States v. Hearst*, 638 F.2d 1190, 1196 (9th Cir. 1980) (citing *Stone,* holding that Fourth Amendment violation cannot be raised on collateral review); *Tisnado v. United States*, 547 F.2d 452, 456 (9th Cir. 1976) (applying *Stone* to § 2255 motions where defendant had a full and fair opportunity to litigate his Fourth Amendment claim). In *United States v. Johnson*, the Supreme Court itself acknowledged:

> After *Stone v. Powell*, 428 U.S. 465 (1976), the only cases raising Fourth Amendment challenges on collateral attack are those federal habeas corpus cases in which the State has failed to provide a state prisoner with an opportunity for full and fair litigation of his claim, analogous to federal cases under 28 U.S.C. § 2255, and collateral challenges by state prisoners to their state convictions under post-conviction relief statutes that continue to recognize Fourth Amendment claims.

*United States v. Johnson*, 457 U.S. 537, 562 n.20 (1982).

In his motion, Bailey claims that his traffic stop did not comply with federal law because a "summons or arrest warrant" did not issue and because an illegal interrogation took place after he was stopped and during subsequent debriefings by law enforcement.

4

D-cv-6 at 15-17. Bailey had every opportunity to raise this issue and litigate it, but he did not. As a result, Bailey has procedurally defaulted this claim. While these are wholly unsupported allegations, Bailey waived these arguments by pleading guilty. During the plea hearing he confirmed he understood the terms of his plea agreement, he understood the rights he was relinquishing, he agreed with the factual basis, and lastly, he affirmatively told this Court he was pleading guilty freely and voluntarily and did not have any problems with counsel's representation. D-170 at 5-20.

An objection to the Court's jurisdiction over the person is an objection based on the institution of the prosecution that is waived if it is not affirmatively asserted. See Fed. R. Crim. P. 12(b)(3)(A); *United States v. Grote*, 632 F.2d 387, 388-89 (5th Cir. 1980); *United States v. Kahl*, 583 F.2d 1351, 1356 (5th Cir. 1978). It is well settled that a "voluntary, unconditional guilty plea waives all nonjurisdictional defects in the proceedings." *United States v. Patti*, 337 F.3d 1317, 1320 n.4 (11th Cir. 2003).

Even if Bailey had challenged the "interrogations" prior to the entry of his plea on the grounds he now raises, this Court would have found against him. Bailey cites to *Virginia v. Moore*, 553 U.S. 164 (2008) (holding that an arrest and a warrantless search incident to that arrest are permitted under the United States Constitution whenever a law enforcement officer has probable cause to believe that a suspect committed a crime, including when the crime is minor and including when state law prohibits an arrest for the offense) and *Rothgery v. Gillespie Co., Tex.*, 554 U.S. 191 (2008) (holding that defendant has a right to counsel at the initial appearance) as supporting his contention he suffered alleged Fourth Amendment violations during a post-*Miranda* interrogation and debriefing sessions. The authorities Bailey cites do not provide him with a basis for relief because he had been

*Mirandiz*ed at the time of his initial arrest and he chose to cooperate with law enforcement by deciding to answer questions post-arrest.

In any event, Bailey's claim is conclusory and insufficient to entitle him to relief. *See Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (no evidentiary hearing required when claims are merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible); *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980) (conclusory statements are insufficient to establish a constitutional claim); *see also Iacovetti v. United States*, 534 F.2d 1189, 1190-91 (5th Cir. 1976) (movant's contention that United States acted wrongly in suppressing evidence was conclusory and unsupported by any factual basis and, therefore, did not warrant evidentiary hearing). Consequently, Bailey cannot establish that a motion to suppress would have been meritorious, or that the result of the proceeding would have been any different had counsel pursued a motion to suppress on the basis Bailey now suggests.

## DISCUSSION

The Sixth Amendment right to counsel is the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). The benchmark for judging any claim of ineffective assistance of counsel, however, is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *see also Boykins v. Wainwright*, 737 F.2d 1539, 1542 (11th Cir. 1984). The burden is on the defendant to demonstrate that (1) counsel's performance fell below an objective standard of reasonable professional assistance and (2) the defendant was prejudiced by the deficient performance. *United States v. Cronic*, 466 U.S. 648, 658 (1984).

The reasonableness of counsel's challenged conduct must be judged on the facts of the particular case, viewed as of the time of counsel's conduct. *Devier v. Zant*, 3 F.3d 1445, 1450 (11th Cir. 1993). For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence. *See Strickland*, 466 U.S. at 690. Judicial scrutiny of counsel's performance must be highly deferential, and courts "must avoid second-guessing counsel's performance." *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc). "Courts must 'indulge [the] strong presumption' that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" *Id.* (quoting *Strickland*, 466 U.S. at 689). The defendant's burden in this regard, though not insurmountable, is a heavy one. *See Chandler*, 218 F.3d at 1314. For a petitioner to show deficient performance, he "must establish that no competent counsel would have taken the action that his counsel did take." Id. at 1315.

To establish prejudice, a petitioner must demonstrate a reasonable probability that, but for counsel's deficient performance, the result of his trial would have been different. *United States v. Greer*, 440 F.3d 1267, 1272 (11th Cir. 2006). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Rolling v. Crosby*, 438 F.3d 1296, 1300 (11th Cir. 2006). If the defendant fails to show that he was prejudiced by the alleged errors of counsel, this Court may reject the defendant's claim without determining whether the counsel's performance was deficient. *Strickland,* 466 U.S. at 697; *Tafero v. Wainwright*, 796 F.2d 1314, 1319 (11th Cir. 1986).

## Voluntariness of Plea

Bailey asserts several arguments, including asserting for the first time that this Court should permit him to withdraw his plea because the record establishes that his counsel did not render effective assistance relating to his entry of the guilty plea. Ground Two, D-cv-6 at 19. He claims that, before entering his plea, his counsel advised him to answer "'yes' to all the judge's questions in order to receive a sentence below the mandatory minimum" term of imprisonment. D-cv-6 at 7, 9. Bailey asserts that he suffers from "psychological and mental[ ] distress" making his plea "incompetent." Id. Bailey alleges his counsel used "intimidation, coercion and promises" to induce his plea. Id. at 9, 14. Throughout his motion, Bailey makes various unsupported claims, including a claim that he did not knowingly waive his collateral appeal rights. Id. at 7, 9, 14. Bailey's claim of ineffective assistance does not constitute a fair and just reason for the withdrawal of the plea. Moreover, the record plainly contradicts Bailey's assertion concerning the knowing and voluntary nature of his guilty plea; indeed, it shows that Bailey had been admonished and did understand that, by pleading guilty, he was giving up his right to appeal. Bailey's conviction was not unlawfully induced or involuntarily made because the record in this case demonstrates otherwise.

The two-pronged *Strickland* test is applicable to ineffective assistance of counsel claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). As applied to the plea situation, the first prong of *Strickland* remains the same in that the attorney's conduct must fall within the range of reasonable conduct. *Hill*, 474 U.S. at 58. Counsel owes a lesser duty to a client who pleads guilty than to one who goes to trial, however, and in the former case, counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice

between entering a guilty plea and going to trial. *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984). To impart such an understanding to the accused, counsel merely must make an independent examination of the facts, circumstances, pleadings and laws involved, and then offer counsel's informed opinion as to the best course to be followed in protecting the interests of the client. *Id.*

The second prong of the *Strickland* test focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Hill*, 474 U.S. at 59. In other words, in order to satisfy the prejudice requirement, the petitioner claiming ineffective assistance of counsel during the plea process must show that there is a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Id.* Rule 11's three core concerns are to ensure that (1) the guilty plea is free of coercion; (2) the defendant understands the nature of the charges; and (3) the defendant knows the consequences of the plea. *Id.* The Eleventh Circuit will uphold a plea colloquy that adequately addresses three core concerns. United States v. Monroe, 353 F.3d 1346, 1349, 1354 (11th Cir. 2003) (citing *United States v. Vonn*, 535 U.S. 55, 59 (2002)). "It is the law of this circuit that, at least where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003); *accord United States v. Lett*, 483 F.3d 782, 790 (11th Cir. 2007) ("Before an error is subject to correction under the plain error rule, it must be plain under controlling precedent or in view of the unequivocally clear words of a statute or rule[.]"), *cert. denied*, 129 S. Ct. 31 (2008); *United States v. Chau*, 426 F.3d 1318, 1323 (11th Cir. 2005) (same).

At the change-of-plea hearing, the Court specifically asked Bailey if he understood the charges, the potential benefits the plea afforded him, and specifically the Court told Bailey, "Those appear to be the particular terms and conditions of your plea agreement. Is that what you understand your plea agreement to say?" D-170 at 5-11. Bailey agreed he understood. Id. at 10-11. The Court directly asked Bailey if anyone had made any additional promises; he did not claim otherwise, and agreed he had discussed the plea with his lawyer. Id. at 10-11, 17-18. The Court asked Bailey if he understood how his sentence would be fashioned and gave him an extensive explanation of the rights he was relinquishing and the factual basis of the plea itself. Id. at 11-20. During the plea hearing, the Court held a lengthy discussion about Bailey's agreement to waive his appeal and collateral rights and he confirmed that he was doing so voluntarily, agreeing he was entering "into this agreement knowingly and willfully" and was satisfied with his counsel's "advice and representation." Id. at 16-20.

With no further questions from Bailey, the Court found his plea to be knowing and voluntary. Id. at 21. The Court conducted a thorough Rule 11 plea colloquy. Bailey's plea was free from coercion, he fully understood the consequences of his guilty plea, the nature of the charges, and the penalty he faced. Bailey offers nothing but a bare bones claim he was "coerced" into "answer[ing] 'yes'" by counsel's "intimid[a]tion and deception" and by counsel's failure to "object" to the plea waiver based on Bailey's "incompeten[ce]." Id. at 9. Bailey's affidavit claims his counsel "had mental torture, force, threat, coercion" making his appeal waiver involuntary. Id. at 24. Nowhere does Bailey actually detail the purported actions or statements of counsel or the time and place these actions occurred. Bailey's contentions are in stark contrast to the sworn statements he gave the Court at his plea

hearing, as his allegations concerning the purported actions of his counsel are simply in contradiction to his sworn statements to the Court that no one threatened, forced, or tricked him into a plea. Nothing Bailey says in his motion is newly discovered or previously unavailable prior to the entry of his guilty plea. Bailey fails to establish the facts he now alleges are true, much less can he discredit his sworn statements to the contrary.

Most of Bailey's allegations center on his belief that counsel's actions should be deemed constitutionally ineffective in his representation. To vacate a sentence on this ground, Bailey must demonstrate that counsel's actions fell below an objective standard of reasonable professional assistance and he was prejudiced by the deficient performance. *Strickland*, 466 U.S. at 688. Bailey has not met his burden in establishing that the allegations he raises are true and the outcome of the proceedings would have been different. *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000). Consequently, he is entitled to no relief and these claims should be denied as meritless.

### *Apprendi* Claim

In Ground One, Bailey asserts his attorney was constitutionally ineffective for failing to object and preserve challenges to his indictment based on *United States v. Booker*, 543 U.S. 220 (2005); *Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Ground One, D-cv-6 at 4-5. Bailey's assertion that his counsel should have raised a *Apprendi/Blakely/Booker* challenge based on the "time" of the conspiracy or drug amount is meritless. Id. at 5. The indictment did allege an offense date and a drug amount and neither *Booker* nor any other case has rendered 21 U.S.C. §§ 841 or 846 unconstitutional. All of these cases were available to Bailey when he entered his guilty plea on April 2009, as *Apprendi* was decided June 2000, *Blakely* was decided in June 2004, and

11

*Booker* in January 2005. Thus, no cause exists to excuse the default. *See McCoy v. United States*, 266 F.3d 1245, 1259 (11th Cir. 2001). Moreover, because Bailey was not sentenced to a term of imprisonment exceeding the 20-year default statutory maximum provided for in section Title 21, United States Code, Section 841(b)(1)(C), Bailey cannot establish that he was prejudiced; indeed, Bailey cannot establish any error in his plea proceedings, much less a prejudicial error. *See United States v. Sanchez*, 269 F.3d 1250, 1268-71 (11th Cir. 2001) (en banc) (*Apprendi* is not implicated when a defendant's actual sentence falls within the lowest statutory maximum set forth in section 841(b)(1)(C)); *United States v. Gerrow*, 232 F.3d 831, 834 (11th Cir. 2000). Bailey, therefore, is not entitled to any relief based on this ground.

In addition, Bailey can not prevail on the merits because *Apprendi* and *Booker* (which extended *Blakely* to the federal sentencing guidelines), are not retroactive to cases on collateral review. *See McCoy*, 266 F.3d at 1256-58 (holding that *Apprendi* is not retroactively applicable to cases on collateral review); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005) (holding that *Booker* is not retroactively applicable to cases on collateral review).

### Applicability of Amendments 599 and 625 and USSG §5C1.2

In Ground Three, Bailey argues that his counsel was constitutionally ineffective for failing to ask this Court for consideration at sentencing based on Amendments 599[2] and

---

[2] Amendment 599, which amended the commentary to USSG §2K2.4, became effective November 1, 2000, see USSG App. C, amend. 599. Due to subsequent amendments, this language is now at USSG §2K2.4, comment. (n.4) (November 1, 2008). Amendment 599 amended the commentary to USSG §2K2.4 to "clarify under what circumstances defendants sentenced for violations of 18 U.S.C. § 924(c) in conjunction with convictions for other offenses may receive weapon enhancements contained in the

625[3] to the United States Sentencing Guidelines or for application of the safety valve provision under USSG §5C1.2.[4] D-cv-6 at 11. Bailey is mistaken. Not only were these guidelines amendments in effect at the time of Bailey's September 2009 sentencing, Amendment 625 applies to methamphetamine and its precursor drugs, not cocaine as charged here and he did not plead to a count charging 18 U.S.C. § 924(c) so Amendment 599 is also inapplicable. This Court's adoption of the uncontested facts in the PSR, including the 150 kilograms of cocaine attributable to Bailey as a leader organizer in the drug conspiracy and the firearms present at the Miramar residence frequented by Bailey made safety valve relief unavailable. Bailey provides no evidence from which this Court could have determined that he did satisfy all five of the criteria for relief and, in any event, his role in the offense and his possession of firearms squarely precludes him from obtaining relief under §5C.1.2.

Because Bailey has failed to demonstrate any prejudice resulting because of counsel's actions and because his interpretation of his guidelines sentence is faulty, he has

---

guidelines for those other offenses." USSG App. C, amend. 599 (Reason for Amendment); see also *United States v. White*, 305 F.3d 1264, 1266-67 (11th Cir. 2002) (discussing the amendment).

[3] Amendment 625, effective May 1, 2001, provided a new Chemical Quantity Table for ephedrine, pseudoephedrine, and phenylpropanolamine ("PPA") in USSG §2D1.11. The amendment increases the penalties by tying the offense levels to methamphetamine (actual) in §2D1.1 assuming a 50 percent yield from the chemical.

[4] Pursuant to section 5C1.2, a defendant may be sentenced without regard to any statutory minimum sentence if the following five criteria are met: (1) the defendant does not have more than one criminal history point; (2) the defendant did not use violence of credible threats of violence or possess a firearm or other dangerous weapon; (3) the offense did not result in death or serious bodily injury to any person; (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense; and (5) no later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan. USSG § 5C1.2

failed to meet both *Strickland* prongs, and his claim of receiving ineffective assistance of counsel should be denied.

## Role Determination

Bailey argues in Ground Four that this Court illegally increased his sentence by finding his role to be that of an organizer or leader because there was insufficient evidence supporting that finding and his counsel was constitutionally ineffective at sentencing for failing to object to his sentence appeal waiver. D-cv-6 at 12-15. Bailey is mistaken in his view that he was "only a minor participant in the offense" and the record clearly supports this Court's finding he was an organizer or leader. Id. at 12. Bailey's argument ignores any mention that counsel did directly appeal the role determination and the Eleventh Circuit upheld the sentence appeal waiver on direct review. D-200, Exhibit 1. Nor does Bailey support his argument that he qualifies as a "minor participant" with anything other than conjecture. It is apparent that the real motivation for Bailey's motion stems from his dissatisfaction with the sentence imposed by this Court and despite his complaint that counsel should have objected to the waiver provision, he fails to show on what basis his counsel could have objected or that he would have been successful challenging the sentence on appeal. Bailey's claim does not meet the prejudice prong under *Strickland*.

When evaluating whether the ineffective assistance of counsel entitles a defendant to withdraw his guilty plea as Bailey requests here (D-cv-6 at 19), this Court must determine first whether counsel's advice was "within the range of competence demanded of attorneys in criminal cases," and second whether the defendant was prejudiced as a result of his counsel's errors, i.e. "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474

U.S. at 58-59 (citations omitted).

A defendant has no absolute right to withdraw a guilty plea after the district court accepts it. See Fed. R. Crim. P. 11(d). Pursuant to Rule 11(d), a district court may permit a defendant to withdraw a guilty plea before the court imposes a sentence if the defendant "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). In determining whether a defendant has shown a "fair and just reason," a district court may consider the totality of circumstances surrounding the plea, including the following factors: "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." *United States v. Buckles*, 843 F.2d 469, 472 (11th Cir. 1988) (citations omitted). The district court is permitted to make a strong presumption of truth regarding statements made by a defendant during a plea colloquy. *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). Further, the good faith, credibility, and weight of the defendant's assertions in support of his motion to withdraw are left to the district court to decide. Id. The district court also may consider the timing of the motion, i.e., the time between the entry of the plea and the motion to withdraw may indicate the defendant's motivation. *United States v. Gonzalez-Mercado*, 808 F.2d 796, 801 (11th Cir. 1987).

A defendant's misapprehension of the application of the sentencing guidelines to his sentencing does not constitute a fair and just reason for withdrawing a plea so long as the district court told the defendant at the plea hearing the range of potential punishment and that the guidelines would be applied to determine his sentence, even if the defendant's counsel incorrectly predicted the potential sentence. See *United States v. Morgan*, No. 10-

15

10642, 2010 WL 3818036 (11th Cir. Oct. 1, 2010) (citing *United States v. Pease*, 240 F.3d 938, 941 (11th Cir. 2001) (affirming denial of motion to withdraw guilty plea based on defendant's contention that he had relied on his attorney's sentencing prediction, which failed to take account of defendant's career offender status, because district court had advised defendant during plea colloquy that applicable statutory maximum sentence was life and that court was not bound by counsel's predictions).

As previously noted, in his plea agreement, Bailey waived his right to appeal his sentence. D-70 at 10. At the plea hearing, in the colloquy conducted pursuant to Fed. R. Crim. P. 11, a magistrate judge reviewed this waiver with Bailey and established that Bailey understood the waiver. D-170 at 16-17.

The Court also advised Bailey that he was facing a term of imprisonment from 10 years to life imprisonment and the district judge would solely determine the length of his sentence. Id. at 13-16. The record clearly demonstrates that Bailey had undergone a thorough, meticulous colloquy at which he plainly and repeatedly swore that he was knowingly and voluntarily pleading guilty to the offenses that he had committed. Id. at 10-11, 17-18, 20. At the plea hearing, Bailey also testified that he was satisfied with counsel's representation. Bailey's current claims contradict his sworn statements at the plea hearing and fail to support his request for relief under *Strickland*.

None of Bailey's claims entitled him to 28 U.S.C. § 2255 relief.

Accordingly, the Court orders:

That Mark A. Bailey's 28 U.S.C. § 2255 motion to vacate (D-cv-6; D-212) is denied. The Clerk is directed to enter judgment against Bailey and to close this case.

**CERTIFICATE OF APPEALABILITY AND**

**LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on June 6th, 2011.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA: James C. Preston, Jr.
Mark A. Bailey